12-4621
Xu v. Lynch

BIA
Nelson, IJ
A094 824 812

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

YINGYU XU,
> *Petitioner*,

    v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

12-4621
NAC

FOR PETITIONER:    Lewis G. Hu, New York, NY.

FOR RESPONDENT:    Stuart F. Delery, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yingyu Xu, a native and citizen of China, seeks review of an October 26, 2012, order of the BIA, affirming the February 18, 2011, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yingyu Xu*, No. A094 824 812 (B.I.A. Oct. 26, 2012), *aff'g* No. A094 824 812 (Immig. Ct. New York City Feb. 18, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, i.e., minus the bases for the IJ's credibility determination that the BIA expressly declined to consider. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Xu's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). "We defer [] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Initially, Xu does not contest the agency's reliance on the inconsistency between her application and testimony about whether police confiscated materials from her pastor's home during the raid on her underground church. That inconsistency stands as a proper basis for the credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

The agency also properly relied on Xu's hesitant, fidgety, and non-responsive demeanor in finding her not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 400-01 (2d Cir. 2006)

3

("Demeanor is virtually always evaluated subjectively and intuitively, and an IJ therefore is accorded great deference . . . .") (citations omitted)).  The record reflects that Xu testified hesitantly or evasively on several occasions.  It further reflects that she became hesitant and fidgety when asked what family planning officials had done to harass her and that she took an extremely long time to answer this simple question.  The IJ was not compelled to credit Xu's explanations that she had a headache and was car sick, explanations contradicted by her attorney, who consulted with Xu off the record, and told the IJ that Xu was merely nervous.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (explaining that an IJ need not credit an applicant's explanations for inconsistencies in the record unless a reasonable fact-finder would be compelled to do so).  The agency also was not compelled to credit Xu's explanation that she was nervous.  *See id.; cf. Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).  We decline to consider in the first instance Xu's unexhausted arguments that her negative demeanor was the result of her poor education, an unspecified emotional problem, and the use of two different interpreters.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 120-23 (2d Cir. 2007).

4

Given Xu's inconsistent testimony and demeanor, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). The agency therefore did not err in denying asylum, withholding of removal and CAT relief, because all claims shared the same factual predicate.[*] *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

---

[*] The BIA incorrectly concluded that Xu failed to exhaust a challenge to the IJ's denial of CAT relief. The IJ's only basis for denying CAT relief was the adverse credibility determination; so Xu's challenge to the credibility determination constituted a challenge to the denial of that form of relief.

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk